**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREEN GREASE ENVIRONMENTAL | ) | Chapter 11 |
| Debtor | ) | |
| | ) | Case No. 15-40236 |
| | ) | |
| | ) | Hon. Timothy A. Barnes |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on Tuesday, September 26, 2017 at the hour of 10:30 a.m., I shall appear before the Honorable Timothy A. Barnes, or any judge sitting in his stead, in Courtroom 744 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present the REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE, which is attached.

Respectfully submitted,

/s/Jonathan D. Golding
Jonathan D. Golding
Attorney for the Reorganized Debtor

Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7892
Fax: (312) 755-5720
Email: jgolding@goldinglaw.net

1

STATE OF ILLINOIS       )
                            )
COUNTY OF COOK       )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE with attached proposed order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system on this 15th day of September, 2017, by electronic notification via the ECF system to the United States Trustee and to registered parties and by mailing postage pre-paid with the U. S. Post Office at 500 N. Dearborn Street, Chicago, IL 60654 and facsimile where indicated to parties on the following notice list:

**ECF:**

Douglas Komen
c/o Christine R Frymire
Robbins, Salomon Patt Ltd.
180 N. LaSalle St. Ste. 3300
Chicago, IL 60601
cfrymire@rsplaw.com

Mark Donahue
c/o B Lane Hasler
B. Lane Hasler, P.C.
1016 West Jackson
Suite 100
Chicago, IL 60607
lanehasler@blhpc.com

**US MAIL:**

AFM Properties LLC
8908 S. Harlem Ave.
Bridgeview, IL 60455

American Capital Financial Services
PO Box 790448
Saint Louis, MO 63139-0448

American Express
c/o Kenneth W Kleppinger
Becket & Lee LLP
POB 3001
Malvern, PA 19355

Capital One Bank ( USA ) N.A.
c/o American Infosource LP
PO Box 71083
Charlotte, NC 28272-1083

Champion Energy LLC
1500 Rankin Road
Suite 200
Houston, TX 77073

Comcast
350 N Wolf Road
Mount Prospect, IL 60056

ComEd
Bankruptcy Dept.
P.O. Box 87522
Chicago, IL 60680

Downers Grove Sanitary Dist.
2710 Curtiss St.
PO Box 1412
Downers Grove, IL 60515-0703

Gordo Sales, Inc.
2262 E 2150 N
Layton, UT 84040

New Pig
1 Pork Ave.
Tipton, PA 16684-0304

ServiceMax
490 W North Frontage Road
Bolingbrook, IL 60440

Speedway
PO Box 1590
Springfield, OH 45501

Todd Galpin
1332 Lucile Ave.
Los Angeles, CA 90026

Tressler LLP
233 S. Wacker Dr., 22nd Flr.
Chicago, IL 60606

U.S. Bank N.A.
Bankruptcy Dept.
PO Box 5229
Cincinnati, OH 45201-5229

U.S. Bank Equipment Finance
1310 Madrid St.
Marshall, MN 56258

Verizon Wireless
Bankruptcy Dept.
P.O. Box 3397
Bloomington, IL 61702

Waste Oil Recyclers
PO Box 257
Modena, PA 19358


/s/Jonathan D. Golding

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GREEN GREASE ENVIRONMENTAL | ) | Chapter 11 |
| Debtor | ) | |
| | ) | Case No. 15-40236 |
| | ) | |
| | ) | Hon. Timothy A. Barnes |

## REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A

## FINAL DECREE CLOSING CASE

Reorganized debtor Green Grease Environmental, L.L.C., (the "*Reorganized Debtor*"), by and through its undersigned counsel, hereby moves this Court (this "*Motion*") for entry of a final decree, substantially the form attached hereto (the "*Proposed Final Decree*"). In support of this Motion, the Reorganized Debtor respectfully states as follows:

### Jurisdiction

*1.* The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

*2.* Venue in this Court is proper under 28 U.S.C. § 1408.

*3.* The statutory bases for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the *"Bankruptcy Code"*), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*), and Rule 3022-1 of the Local Bankruptcy Rules of this Court (the *"Local Rules"*).

### Background

I.    The Chapter 11 Case and Confirmation of the Plan

4.      On November 25, 2015 (the *"Petition Date"),* the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Reorganized Debtor continued in the management and possession of its business as debtor in possession throughout this chapter 11 case. No trustee or examiner has been appointed in this chapter 11 case. No committee has been appointed or designated.

5.      On September 28, 2016, the Court entered an order [Docket No. 56] (the *"Confirmation Order")* that, among other things, confirmed *Green Grease Environmental, L.L.C.'s Plan of Reorganization* [Docket No. 31] (the *"Plan").*[1] In accordance with the terms of the Plan, the Plan became effective on October 28, 2016 (the *"Effective Date").*

II.     <u>Status of the Chapter 11 Case</u>

6.      Since the Effective Date, the Reorganized Debtor has worked diligently to implement the Plan and conclude this chapter 11 case. The following provides the status of the chapter 11 case and distributions under the Plan.

7.      *Implementation of the Plan.* On the Effective Date, among other things, all property of the chapter 11 estate vested in the Reorganized Debtor. The Reorganized Debtor has emerged from chapter 11 protection and has continue to operate its business and manage its property in the ordinary course.

---

[1] Capitalized terms used as defined terms herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

8. *Administrative Claims, Priority Tax Claims, and U.S. Trustee Statutory Fees.* The Reorganized Debtor has paid, and continues to pay, all Administrative Claims and the U.S. Trustee's fees as and when those amounts come due.

9. *Cure Claims.* The Reorganized Debtor has continued to make cure payments pursuant to Article VII of the Plan.

10. *Class 1 Secured Claim of Anthony Demma.* The Reorganized Debtor has commenced and continues to make payments to this creditor pursuant to the terms of Article V and Article VIII of the Plan. This claim was reduced by $50,000.00, reflecting the successful credit bid of this creditor at the New Value Auction.

11. *Class 2 Secured Claim of U.S. Bank N.A.* The Reorganized Debtor has commenced and continues to make payments to this creditor pursuant to its existing finance agreement and Article V of the Plan.

12. *Class 3 Secured Claim of Waste Oil Recyclers.* The Reorganized Debtor has completed payments to this creditor pursuant to Article V of the Plan.

13. *Class 4 Secured Claim of U.S. Bank N.A.* Pursuant to Articles V and VII of the Plan, this claim has been paid in full by John Patrick Mack.

14. *Class 5 Secured Claim of Todd Galpin.* The Reorganized Debtor has completed payments on this claim pursuant to Articles V and VII of the Plan.

15. *Class 6 General Unsecured Claims.* Pursuant to Article V of the Plan, payments to these creditors do not commence until October 1, 2017.

16.    *Class 7 Insider Unsecured Claims.* Pursuant to Article V of the Plan, payments to these creditors do not commence until October 1, 2017.

15.    *Class 8 Equity Claims.* Pursuant to the Plan, Class 8 Equity Interests are not entitled to a distribution. The Class 8 Equity Claims were extinguished pursuant to the Plan and the equity interest in the Reorganized Debtor was sold to the Class 1 secured creditor Anthony Demma in exchange for his credit bid of $50,000.00 against his allowed secured claim.

### Relief Requested

16.    By this Motion, the Reorganized Debtor respectfully requests that this Court issue a final decree substantially in the form of the Proposed Final Decree closing this chapter 11 case pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

### Basis for Relief

I.    Standard for Closing a Chapter 11 Case

17.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 V.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

18.    The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Ru1e 3022, however, set forth

/

the following non-exclusive list of factors to be considered to determine whether a case has been

fully administered: (a) whether the order confirming the plan has become final; (b) whether

deposits required by the plan have been transferred; (c) whether the property proposed by the

plan to be transferred has been transferred; (d) whether the debtor [or its successor] has assumed

the business or management of the property dealt with by the plan; (e) whether payments under

the plan have commenced; and (f) whether all motions, contested matters and adversary

proceedings have been finally resolved.

19.     These six factors, however, are merely guidelines that aid a court's determination,

and each of the factors need not be present before a court enters a final decree. *See In re Mold*

*Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that

open related adversary proceedings, for example, should not be enough to prevent closure of a

bankruptcy case. *See, e.g., In re IMP-Newcor Inter 'I, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill.

1998) (Barliant, J.).  Courts have also found that it is not necessary to complete a final

distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor Inter 'I,* 225

B.R. at 465; *Jay Bee Enters.,* 207 B.R. 536,538 (Bankr. E.D. Ky. 1997).

## II.     It Is Appropriate to Close the Chapter 11 Case.

20.     The Reorganized Debtor's estate has been fully administered within the meaning

of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree

closing the chapter 11 case. The confirmation order became final and non-appealable on or about

October 28, 2016. Moreover, the Plan has been substantially consummated: (a) the Reorganized

Debtors have received the property to which they are entitled under the Plan; (b) the Reorganized

Debtors have assumed the business and management of that property; and (c) the Reorganized

Debtors have made the other distributions due and payable under the Plan.

21.     Moreover, leaving the chapter 11 case open will cause the Reorganized Debtors to incur substantial quarterly U.S. Trustee fees. *See* 28 U.S.C. § 1930. If the chapter 11 case is not closed, the Reorganized Debtor will be required to continue paying quarterly fees to keep the case open. These quarterly fees are a significant burden upon the Reorganized Debtor and (given the status of the chapter 11 case) are an inefficient use of resources. Accordingly, there is ample justification for entry of a final decree closing the chapter 11 case at this time.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter a final decree substantially in the form of the Proposed Final Decree (a) closing this chapter 11 case and (b) granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

By: /s/ Jonathan D. Golding
Jonathan D. Golding
Attorney for Green Grease
Environmental L.L.C.

Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7892
Fax: (312) 755-5720
Email: jgolding@goldinglaw.net